# United States Court of Appeals
## For the First Circuit

No. 10-2244

UNITED STATES OF AMERICA,

Appellee,

v.

SHAWN C. CLOGSTON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Boudin, Selya and Howard, Circuit Judges.

Marvin H. Glazier, Suzanne N. Russell, and Vafiades, Brountas & Kominsky, LLP on brief for appellant.
Thomas E. Delahanty II, United States Attorney, and Margaret D. McGaughey, Appellate Chief, on brief for appellee.

December 9, 2011

**SELYA**, **Circuit Judge**. After defendant-appellant Shawn C. Clogston pleaded guilty to unlawful possession of child pornography, the district court imposed a sentence within the guideline sentencing range (GSR). The appellant challenges this sentence. Concluding that the sentence is both procedurally sound and substantively reasonable, we affirm.

This case has its genesis in a March 30, 2009, foray by agents of the Bureau of Immigration and Customs Enforcement (ICE). Acting on a lead furnished by the Maine State Police, the ICE agents seized two computers from the appellant's home in Millinocket, Maine. While they were searching the computers' hard drives at the local police station, the appellant gave a voluntary statement in which he admitted to downloading and storing child pornography. The computer searches confirmed his confession.

On October 8, 2009, the appellant waived indictment and entered a guilty plea to a single-count information, which charged him with unlawful possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court accepted the plea and ordered the preparation of a presentence investigation report.

At the disposition hearing on October 13, 2010, the district court first calculated the GSR. The court started with a base offense level of 18, see USSG §2G2.2(a)(1); made a series of upward adjustments — two levels because some of the images involved prepubescent minors, see id. §2G2.2(b)(2); four levels because some

-2-

of the images depicted violence, see id. §2G2.2(b)(4); two levels because the offense of conviction involved the use of a computer, see id. §2G2.2(b)(6); and five levels due to the large number of images, see id. §2G2.2(b)(7)(D) — and made a three-level downward adjustment for acceptance of responsibility, see id. §3E1.1(a)-(b). The total offense level (28), paired with the applicable criminal history category (II), yielded a GSR of 87 to 108 months.

The appellant did not contest any of these computations but asserted that the child pornography guidelines were too blunt and too harsh. He averred that the guidelines did not sufficiently distinguish between first-time offenders and repeat offenders and made no allowance for offenders who, like himself, had not sought to profit from the pornographic images. Nor did the guidelines, in his view, adequately account for the fact that he had not tried to entice minors to engage in illicit conduct. For these reasons, he deemed the GSR to be overly punitive and beseeched the court to exercise its authority to impose a sentence well below it. The government demurred, urging the imposition of a within-the-range sentence.

The district court specifically rehearsed the appellant's history and the nature of his criminal conduct. More generally, the court noted that it had considered all of the sentencing factors limned in 18 U.S.C. § 3553(a). Although it acknowledged the absence of any evidence that the appellant had been physically

involved with young girls, the court rated his offense as serious (observing among other things that several of the images depicted sexual abuse of very young girls).  In the end, the court imposed an incarcerative sentence near the bottom of, but within, the GSR: 90 months.  This timely appeal ensued.

We review the imposition of a sentence for abuse of discretion.  Gall v. United States, 552 U.S. 38, 46 (2007).  "The touchstone of abuse of discretion review in federal sentencing is reasonableness."  United States v. Vargas-Dávila, 649 F.3d 129, 130 (1st Cir. 2011).  The review process is bifurcated: we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable.  United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).

The appellant characterizes his arguments as addressing only the substantive reasonableness of his sentence.  But two of them — his claim that the district court failed to recognize its authority to reject the Sentencing Commission's policy judgments and his claim that the district court shirked its responsibility to consider a sentencing factor enumerated in 18 U.S.C. § 3553(a) — belie this characterization.  These claims are appropriately analyzed as part of the procedural reasonableness requirement.  See United States v. Stone, 575 F.3d 83, 88-89 (1st Cir. 2009); United States v. Rodríguez, 527 F.3d 221, 231 (1st Cir. 2008); Martin, 520

F.3d at 92. We begin with them, and then proceed to gauge the substantive reasonableness of the sentence.[1]

The appellant asserts that, in composing the federal sentencing guidelines, the Sentencing Commission treated child pornography in a Draconian manner; that the Commission did not adequately differentiate among various types of offenders; and that the guideline ranges for passive child pornography offenses committed by first-time offenders are much too severe. He argues that these incongruities were made known to the sentencing court but the court failed to recognize that it had the authority to deviate from the GSR if it disagreed with the Commission's policy judgments.

This claim of error has its roots in the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007). In that case, the court of appeals had ruled that a sentencing court was bound to follow the disparate treatment of crack cocaine and cocaine powder built into the federal sentencing guidelines. The Supreme Court reversed. It explained:

> A district judge must include the Guidelines range in the array of factors warranting consideration. The judge may determine, however, that, in the particular case, a

---

[1] The appellant perfunctorily raises a due process argument in his brief, asserting that the court had no basis to find that he was "walking on the very edge" of committing a sexual offense against a child. This argument is undeveloped and, as such, we deem it abandoned. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

> within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing. 18 U.S.C. § 3553(a) (2000 ed. and Supp. V). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses.

Id. at 91.

In the case at hand, the appellant posits that the sentencing court committed Kimbrough error with respect to its authority to reject the policy judgments baked into the sentencing guidelines for child pornography offenses. In support, he points to (i) a statement made during the plea colloquy and (ii) the court's failure to meet head-on his argument for a below-the-range sentence. This claim is insubstantial.

To be sure, Kimbrough made pellucid a sentencing court's authority to deviate from a properly calculated GSR because of a particularized disagreement with the Sentencing Commission's policy judgments. Here, however, we see no probative evidence that the sentencing court misunderstood this grant of authority. The statement on which the appellant relies cannot sensibly be read as a repudiation of that authority. While the appellant argues that the court commented on its "obligation to impose . . . th[e] sentencing guidelines range[]", the court immediately caught its slip of the tongue and substituted "consider" for "impose." As amended, the court posits an obligation consistent with and confirmed by Kimbrough. See id. That the district court knew of

its authority to vary from the GSR is evidenced by its acknowledgment, shortly after making the quoted comment, that it had the power to impose a sentence above or below the GSR.[2]

We find equally unpersuasive the appellant's insistence that the district court's failure at sentencing to address his policy argument evinces Kimbrough error. A reviewing court should be reluctant to read too much into a district court's failure to respond explicitly to particular sentencing arguments. Instead, the reviewing court must assay the record as a whole to gauge the sentencing judge's thought process. See Stone, 575 F.3d at 91; United States v. DeCologero, 530 F.3d 36, 70 (1st Cir. 2008).

On whole-record review, we discern no Kimbrough error here. At the sentencing hearing, the district court expressly recognized its obligation to impose a sentence that is sufficient, but not greater than necessary, to accomplish the appropriate goals of sentencing. This is precisely the obligation on which the Kimbrough Court focused. See 552 U.S. at 101 (citing 18 U.S.C. § 3553(a)).

What is more, the sentencing court listened to the arguments proffered at the disposition hearing and carefully explained why its chosen sentence fit both the offender and the

---

[2] We note that the statement was made during the plea hearing — over a year prior to sentencing and before the appellant had laid out his position concerning the undue harshness of the guidelines for child pornography offenses. The timing is further evidence that the appellant has misinterpreted the court's comment.

circumstances of the offense. The record, viewed in its entirety, does not fairly suggest — let alone demonstrate — that the court desired to vary from the GSR but considered itself powerless to do so. Because the discretion to vary under Kimbrough is not tantamount to an obligation to do so, see Rodríguez, 527 F.3d at 231, the appellant's claim of error founders.

The appellant's remaining claim of procedural error is premised on a supposed sin of omission. He says that the district court should have compared his sentence with the sentences of similarly situated offenders to avoid unwarranted sentencing disparity. See 18 U.S.C. § 3553(a)(6).

This argument is unavailing. Even though the district court did not specifically mention disparity, it stated that it had considered all of the section 3553(a) factors. Such a statement "is entitled to some weight." United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010). While a sentencing court must consider all relevant section 3553(a) factors, "it need not do so mechanically." Vargas-Dávila, 649 F.3d at 131; see United States v. Fernández-Cabrera, 625 F.3d 48, 53 (1st Cir. 2010) (noting that a sentencing court's explanation of a sentence need not "be precise to the point of pedantry").

In this instance, we credit the district court's statement that it considered all of the relevant sentencing factors. The fact that the court imposed a within-the-range

sentence helps us to reach this conclusion: such a sentence requires less explanation than one that varies from the GSR.  See United States v. Madera-Ortiz, 637 F.3d 26, 30 (1st Cir. 2011); Dávila-González, 595 F.3d at 48.

This brings us to the substantive reasonableness of the sentence.  The appellant contends that his sentence is substantively unreasonable because the district court placed too much weight on some sentencing factors and not enough weight on others.  Specifically, he maintains that the district court focused too much on an assault that he perpetrated on his parents, the nature of the offense, and the likelihood of recidivism and did not give enough weight to his acceptance of responsibility, mental health and drug abuse issues, and the absence of any evidence suggesting that he ever was physically involved with young girls.

In the sentencing context, "reasonableness is a protean concept."  Martin, 520 F.3d at 92.  There is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes.  Id.  Challenging a sentence as substantively unreasonable is a burdensome task in any case, and one that is even more burdensome where, as here, the challenged sentence is within a properly calculated GSR.  A defendant who protests his within-the-range sentence on this ground "must adduce fairly powerful mitigating reasons and persuade us that the district court was unreasonable in balancing pros and cons despite the latitude

implicit in saying that a sentence must be reasonable." Madera-Ortiz, 637 F.3d at 30 (internal quotation marks omitted).

Sentencing is much more an art than a science. A sentencing court is under a mandate to consider a myriad of relevant factors, but the weighting of those factors is largely within the court's informed discretion. The appellant in effect seeks to substitute his judgment for that of the sentencing court. We cannot countenance such a substitution.

In addition, the appellant overlooks the court's statement at the disposition hearing that it had considered all of the factors (both aggravating and mitigating). That the sentencing court chose not to attach to certain of the mitigating factors the significance that the appellant thinks they deserved does not make the sentence unreasonable. See United States v. Anonymous Defendant, 629 F.3d 68, 78 (1st Cir. 2010).

In the last analysis, a sentencing court has the right — indeed, the duty — to evaluate the nature and circumstances of the offense of conviction and the characteristics and history of the offender. The court must then quantify that evaluation in a sentence that is fair, just, and in accordance with law. The performance of that duty by the court below was well within the realm of reasonableness. Given the numerous images of very young girls in the appellant's possession, the court was entitled to ponder, and to pass informed judgment on, questions such as whether

he could conform his future actions to the norms of society and whether he posed a risk to young girls.

Let us be perfectly clear: the sentencing guidelines for child pornography cases are very stern. The Sentencing Commission could have softened them by giving weight to some of the considerations emphasized by the appellant, but it chose not to do so. By the same token, the district court could have varied from the GSR based on those considerations, but it chose not to do so. The district court's reticence is understandable: the record in this case mentions troubling aspects and, despite the efforts of the appellant's able counsel to minimize matters, the sentencing court opted to impose a within-the-range sentence. This was a defensible result, and the court stated a plausible rationale for reaching it. No more was required. United States v. Carrasco-de-Jesús, 589 F.3d 22, 30 (1st Cir. 2009); United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc).

We need go no further. For the reasons elucidated above, we uphold the appellant's sentence.

**Affirmed**.

-11-