**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 13-1906

UNITED STATES OF AMERICA,

Appellee,

v.

PEDRO J. PÉREZ-CRESPO, a/k/a PIRI,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José A. Fusté, U.S. District Judge]

Before

Torruella, Selya and Thompson,
Circuit Judges.

José R. Olmo-Rodríguez on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Francisco A. Besosa-Martínez, Assistant United States Attorney, on brief for appellee.

June 11, 2014

**Per Curiam.**    After entering into a written plea agreement, defendant-appellant Pedro J. Pérez-Crespo pleaded guilty to a charge of conspiring to possess with intent to distribute controlled substances within 1,000 feet of a public housing project.  See 21 U.S.C. §§ 841(a)(1), 846, 860.  At the disposition hearing, the district court classified the appellant as a career offender, see USSG §4B1.1, and set his guideline sentencing range (GSR) at 188-235 months.  The court then imposed a mid-range sentence: 210 months in prison.  This timely appeal followed.

The appellant concedes that he meets the definition of a career offender.  He likewise concedes the correctness of the district court's calculation of the GSR.  He nonetheless challenges his sentence on the ground that it is substantively unreasonable.

The government tries to place a stumbling block at the threshold.  It posits that the appellant's real complaint is that the district court refused to depart downward from the GSR and that we lack appellate jurisdiction to review a district court's discretionary decision not to depart.  This argument is misguided.

From and after the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 245 (2005), review for reasonableness "encompasses virtually the entire gamut of sentences imposed under the advisory guidelines, including sentences shaped by discretionary departure decisions." United States v. Anonymous Defendant, 629 F.3d 68, 74 (1st Cir. 2010).  Thus, notwithstanding

the government's attempt to recharacterize the appellant's claim of substantive unreasonableness, we have jurisdiction to hear and determine that claim.[1]  See id.

When evaluating the substantive reasonableness of a criminal sentence, appellate review is for abuse of discretion. See Gall v. United States, 552 U.S. 38, 51 (2007).  This is a deferential standard, see United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008), which recognizes the sentencing court's superior coign of vantage.

We have explained that "the linchpin of a reasonable sentence is a plausible sentencing rationale and a defensible result."  Id. at 96.  The sentence imposed in this case — which was at the mid-point of a properly calculated GSR — passes muster under this prescription.  See United States v. Clogston, 662 F.3d 588, 592-93 (1st Cir. 2011) (emphasizing that "[c]hallenging a sentence as substantively unreasonable is a burdensome task in any case, and one that is even more burdensome where . . . the challenged sentence is within a properly calculated GSR").

The appellant argues that his sentence is unreasonable because it is based primarily on the career offender classification, which grossly overrepresents his true culpability.

---

[1] The government also asseverates that a waiver-of-appeal provision in the plea agreement bars this appeal.  Because this asseveration is problematic and the appeal is easily resolved on the merits, we bypass the government's waiver argument.

This argument lacks force. The appellant, through able counsel, made this overrepresentation argument to the district court. The court rejected it because the court believed that "a career offender [designation] is a pretty serious thing." This battlefield assessment is worthy of deference: on the record before us, we cannot quarrel either with the wisdom of the court's statement or with its applicability to the appellant's situation.

In any event, we have independently examined the appellant's criminal record and find the claim of overrepresentation unpersuasive. The appellant has no fewer than five prior convictions for offenses that include charges involving domestic violence, aggravated assault, and controlled substances. While a sentencing court, in the exercise of its sound discretion, might have opted to view this litany of malefactions more empathetically, the court below was not obliged to do so. And if the court took the appellant's record at face value — as it was entitled to do — that record was adequate to ground a sentence near the mid-point of the GSR.

"There is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes." Clogston, 662 F.3d at 592 (citing Martin, 520 F.3d at 92). Here, as in United States v. Santiago-Rivera, 744 F.3d 229, 234 (1st Cir. 2014), "[t]he decisive consideration is that the sentence that the court chose, though severe, was not outside the wide universe of

reasonable sentences" that might have been imposed.  We need go no further.


**<u>Affirmed</u>**.