**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-2408

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ MANUEL ZAVALA-MARTÍ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Thompson, Kayatta, and Barron,
Circuit Judges.

Peter Goldberger and Pamela A. Wilk on brief for appellant.
Rosa Emilia Rodriguez-Velez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and John A. Mathews II, Assistant United States Attorney, on brief for appellee.

February 4, 2015

**KAYATTA, Circuit Judge**.  After the first day of witness testimony in his jury trial, José Manuel Zavala-Martí ("Zavala") pled guilty without a plea agreement to all nine counts in the superseding indictment related to his role in a large scale heroin, crack-cocaine, and marijuana trafficking operation, including his attempt to intimidate and bribe a government witness.  The district court sentenced Zavala to a general sentence of life imprisonment unsupportable by reference to any particular count in the indictment, and in doing so failed to uphold its obligation to individually consider the appropriate sentence for each count. United States v. Zavala-Martí, 715 F.3d 44, 51—52, 54 (1st Cir. 2013).  On plain error review, we vacated that sentence and remanded for resentencing before a different judge. Id. at 52, 56—57.

After a new sentencing hearing, the district court re-calculated Zavala's total offense level based on the United States Sentencing Guidelines and announced a sentence for each individual count.  The court sentenced the thirty-six year old Zavala to a total imprisonment term of fifty years, which fell within the guidelines range of 360 months to life.  Zavala subsequently appealed his second sentence, which we now affirm.

## I. Discussion

Zavala's challenge to his fifty year sentence rests on three main grounds: 1) the district court violated 18 U.S.C.

§ 3553(c)(1) by failing to sufficiently explain in open court its reasons for selecting the sentence; 2) the sentence is substantively unreasonable because the guidelines calculation included a four point leadership enhancement that was based upon clearly erroneous factual findings; and 3) the sentence was substantively unreasonable due to the disparity between Zavala's sentence and those of similarly situated defendants.

Our review of a district court's sentencing determination includes a bifurcated inquiry into: 1) whether there was "significant procedural error," and 2) whether the sentence was substantively unreasonable. United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008); see also United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011). Both prongs of the inquiry are conducted "under a deferential abuse-of-discretion standard." Martin, 520 F.3d at 92 (quoting Gall v. United States, 552 U.S. 38, 41 (2007)) (internal quotation marks omitted). For the following reasons, none of Zavala's arguments persuades us that the district court abused its discretion in imposing the fifty year sentence.

**A. Open Court Explanation**

Zavala argues that the district court violated 18 U.S.C. § 3553(c)(1) by failing to adequately explain his sentence in open court. That statute requires the district court to state "the reason for imposing a sentence at a particular point within the [guidelines] range" if the range, measured from the low end to the

-3-

high end, exceeds twenty-four months (as it did here for the range of 360 months to life imprisonment).  See United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010).  Our own case law makes clear that such an explanation need not be exhaustive or expressly touch on every point.  See United States v. Zapata, 589 F.3d 475, 487 (1st Cir. 2009) ("A sentencing court is not obliged . . . to specifically address all of the section 3553(a) factors in its explanation, nor to give each of the factors equal prominence in its determination." (internal quotation marks omitted)).  Here, the district court articulated its reasoning, specifically citing the activities giving rise to the leadership enhancement and the defendant's actions in obstructing justice.  The court also stated that it considered all of the relevant factors, and "[t]he fact that the court imposed a within-the-range sentence helps . . . reach this conclusion: such a sentence requires less explanation than one that varies from the [guidelines range]." Clogston, 662 F.3d at 592.  Therefore, the district court's open-court explanation was sufficient, and there was no procedural error in this regard.

**B. Leadership Enhancement**

Zavala cannot show that the district court abused its discretion when it found by a preponderance of the evidence that Zavala had a leadership role in a drug operation that involved five or more persons.  See U.S.S.G. § 3B1.1(a) (instructing courts to

increase the offense base level by four points "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants").  The district court concluded that Zavala qualified for the leadership enhancement because, inter alia, "[h]e was identified as an organizer or leader of the organization," and "[h]e assisted the leader by overseeing, coordinating, and supervising the operations of the . . . drug points."  Those findings were based upon the judge's review of witness testimony describing Zavala's role in the organization. For example, another drug dealer in the organization testified that:

> [B]esides [sic] from being [Robert Belleza's][1] right-hand man, [Zavala] would be like an order sergeant.  Like if there was a problem at another housing project . . . or in the other drug points . . . it was like if somebody had failed at something . . . he would you know, go . . . to dole it out.  He would go hit people.

Witnesses also stated that Zavala was "in charge of all of [Belleza's] [drug] businesses," and described Zavala as Belleza's "right-hand man," one of "the bosses," an "administrator," and a "lieutenant" of the organization. According to one witness, "when something, you know, had run out or when something happened, the one that they'd mention the most was

---

[1] Belleza was identified at trial as the "owner" of the organization's drug points, i.e., the group's top leader.  The parties do not dispute Belleza's role.

[Zavala]." This testimony provides us with a sufficient basis to uphold the judge's application of the leadership enhancement.

**C. Sentencing Disparity**

18 U.S.C. § 3553(a)(6) instructs sentencing judges to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Although section 3553(a)(6)'s instruction "primarily targets disparities among defendants nationally," United States v. McDonough, 727 F.3d 143, 165 (1st Cir. 2013), "district courts have discretion . . . to align codefendants' sentences somewhat in order to reflect comparable degrees of culpability," Martin, 520 F.3d at 94.

Zavala argues that there is an unwarranted disparity between his sentence and that of his co-conspirators. In particular, he notes that two of the organization's higher-level associates, Omar and "Bam-Bam," received forty and twenty year sentences, respectively. In response to this argument, the district court pointed to Zavala's role as the "chief of staff" to the organization's top leader, in addition to "everything else that he did that we've mentioned during today's hearing." Considering the evidence of Zavala's leadership role as described in the prior section of this opinion, and his actions in obstructing justice while incarcerated by intimidating a government witness, the district court's imposition of a higher sentence than those of

Zavala's co-conspirators falls within the "wide latitude in sentencing" granted to the district court.  Zapata, 589 F.3d at 488.

Zavala, in cursory fashion, also argues that there is an unwarranted disparity between his sentence and those of other drug trafficking defendants in the District of Puerto Rico.  However, aside from simply listing five lead drug trafficking defendants' sentences of ten to sixteen years, he does not explain why his higher sentence is "conspicuous and threaten[s] to undermine confidence in the criminal justice system."  Martin, 520 F.3d at 94.  The fact that other defendants in drug conspiracies have received shorter sentences is insufficient to show that the overall distribution of sentences renders this one such an outlier as to be the product of an abuse of discretion, especially considering the facts that Zavala: 1) threatened a witness while in prison on these charges, and 2) did not plead guilty until he was fingered by the government's witnesses on the first day of testimony.  Cf. United States v. Rodríguez-Lozada, 558 F.3d 29, 46 (1st Cir. 2009) (finding no abuse of discretion in a life sentence for a leader of a drug organization where a guidelines range of 360 months to life imprisonment (identical to Zavala's) applied).

Finally, Zavala argues that his sentence is "greater than necessary to fulfill the purposes of sentencing."  He lists his "lack of criminal record, his compelling person [sic] history, his

strong and supportive family, [and] the absence of any murders" as potential justifications for a more lenient sentence. In response to a similar argument made by the defendant in Zapata, we stated that "[t]he court's decision to emphasize the nature of the crime over the mitigating factors was a choice of emphasis that is not a basis for a founded claim of sentencing error." Zapata, 589 F.3d at 488 (internal quotation marks omitted). Clearly, the district court here decided that the available facts, including those already discussed above, outweighed any of the potential factors favoring a lower sentence. We cannot say that this decision constituted an abuse of discretion so as to remove Zavala's sentence from "the expansive boundaries of [the] universe" of reasonable sentences. Martin, 520 F.3d at 92.

## II. Conclusion

We affirm Zavala's sentence, as imposed by the district court.

So ordered.