**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 13-2457

UNITED STATES OF AMERICA,

Appellee,

v.

JIMMY SANTIAGO-BURGOS,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Torruella, Kayatta, and Barron,
Circuit Judges.

Julio E. Gil de Lamadrid and Gil de Lamadrid, PSC, on brief for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, with Carmen M. Marquez-Marín, Assistant United States Attorney, and Rosa Emilia Rodríguez-Velez, United States Attorney, on brief for appellee.

February 4, 2015

**KAYATTA, Circuit Judge**.    Jimmy Santiago-Burgos ("Santiago") argues that the district court abused its discretion in sentencing him to 30 months imprisonment, an upward variant from a United States Sentencing Guidelines range of 10–16 months.  As evidence of this, Santiago points to several statements the district court made during his sentencing hearing, specifically: (1) that the gun he carried was a "cop killer"; (2) that he was not a first-time offender; and (3) that he voluntarily failed to appear at a Massachusetts criminal hearing.  Our review of these statements in context shows that they were either not clearly erroneous or not the basis of the district court's upward variance. We affirm.

## I.  Discussion

We review Santiago's sentence for abuse of discretion. United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011) (citing Gall v. United States, 522 U.S. 38, 46 (2007)).  In so reviewing, we bifurcate our inquiry, first asking (1) whether there was "significant procedural error," and then (2) whether the sentence was substantively reasonable.  United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008).  When assessing a sentence's procedural reasonableness for abuse of discretion, we review factual findings for clear error.  United States v. Serunjogi, 767 F.3d 132, 142 (1st Cir. 2014).  Santiago's challenge, while not stated in such terms, is primarily to the procedural reasonableness

-2-

of his sentence.  See United States v. Battle, 637 F.3d 44, 51 (1st Cir. 2011) (procedural errors including selecting a sentence based on clearly erroneous facts and failing to adequately explain a chosen sentence).

## A.  Procedural Reasonableness

### 1.  The gun is a "cop killer."

During the sentencing hearing, the court stated that "Mr. Santiago was in possession of an FN pistol, commonly known as the 'cop killer', which had laser sights and [was] loaded with a magazine with ten rounds of ammunition[.]"  Santiago argues that there is no credible basis on which the court made that characterization.  Santiago did not object to this statement below, so we review for plain error only.  United States v. Sebastian, 612 F.3d 47, 50 (1st Cir. 2010).  The "cop killer" comment was a reference to the type of firearm, not Santiago, and was made in the context of the district court's consideration of the offense's circumstances: that the gun was loaded, had a laser sight, and was found with $1,300.  The court properly considered these aggravating circumstances in determining Santiago's sentence.

**2. Santiago is not a first-time offender.**

The court also stated that "Mr. Santiago is not a first[-]time offender."[1] Santiago's attorney challenged this, and noted for the court that "[Santiago] is a first offender[;] he has not committed any other crime. That [Massachusetts] case will be dismissed. His only conviction is this one[.]" But the district court never said he had a prior conviction, and made that point clear in reply.[2] Thus, the district court did not base the upward variance on a clearly erroneous fact.

**3. Santiago failed to appear.**

The court stated that "[a]t the time that [Santiago] was arrested for this offense he had failed to appear in the court in Massachusetts for a trial on charges of assault with a dangerous weapon and home invasion." Santiago's attorney challenged this, stating that Santiago did not voluntarily fail to appear because he was in jail in Puerto Rico at that time. In response, the court

---

[1] The court went on to say: "The Court finds that the sentencing guideline range for this type of offense is inadequate, certainly the Court's understanding is that it is not reflective of the seriousness of the offense, is not reflective of the fact that the defendant chose to violate the law while he was on bail from the judicial system in Connecticut [sic]. And that he came to the jurisdiction and engaged in an illegal action while on bail."

[2] In reply, the court stated: "That is not an issue. He has to go there, it will be decided and if the case is dismissed fine with me. I don't have qualms. But he was on bail, under court instructions, and one [of the] general conditions of bail is you shall not engage in any illegal activity[;] he came here and he did."

clarified what it meant: "No, I am not talking about the failure to appear, I know he was here. I am talking about engaging in the illegal action of illegally possessing a weapon while on bail." Therefore, the court did not rely on Santiago's involuntary failure to appear.

## B. Substantive Reasonableness

The district court provided legitimate reasons for upwardly varying Santiago's sentence: (1) that he committed this offense while out on bail for a separate, violent offense; (2) that the weapon he had was loaded, had a laser sight, and was found along with $1,300; and (3) that this type of offense is particularly harmful in Puerto Rico.[3] The first two considerations are unquestionably valid factors for a sentencing judge to take into account. See, e.g., United States v. Vega-Santiago, 519 F.3d 1, 5 (1st Cir. 2008) (en banc). And we have previously held that a sentencing court may consider the incidence of crime (and the deterrent effect of a harsh sentence) in a particular community. See United States v. Flores-Machicote, 706 F.3d 16, 23 (1st Cir. 2013). Given the reasons supplied, the district court did not abuse its discretion in crafting Santiago's sentence. See Martin,

---

[3] The court said: "For the type of weapon that he bought and what he had in his possession while being on bail and actually I consider this type of offenses [sic], more so here in Puerto Rico, so serious and damaging to the safety of the people in the community[.]"

637 F.3d at 96 (noting that a sentence will stand as long as there is a plausible rationale and a defensible result).

## II. Conclusion

We <u>affirm</u> Santiago's sentence.

<u>So ordered</u>.