TORRUELLA, Circuit Judge,
Dissenting.
With due respect to the majority, I am forced to dissent because I cannot support what, in my view, is a selective reading of the record. Applying the highly deferential standard of review mandated, I find the district court’s explanation adequate. Thus, I would affirm defendant’s sentence.
The majority states that the “court’s exclusive focus was on the personal history and characteristics of the defendant” to the exclusion of the other § 3553(a) factors, and that the district court did not “explicitly articulat[e] its evaluation of factors other than rehabilitation.” Moreover, it concludes that the district court’s explanation of the sentence “focused exclusively on the defendant’s potential for rehabilitation and low risk of recidivism.” However, a careful review of the entire record reveals that the district court considered all the § 3553(a) factors, explicitly articulated its evaluation of these factors, and, in adequately explaining its chosen sentence, emphasized the factors that it considered salient.
The majority’s reading of the record is selective even regarding the importance given by the district court to defendant’s rehabilitation and low risk of recidivism. In this regard, the majority nowhere mentions other considerations to which the district court gave substantial weight, as is evident from its explanation, such as the defendant’s mental health (his severe depression) and his high suicidal risk, defendant’s progressive recovery from these conditions, and the extent to which future imprisonment may have a detrimental effect in this recovery process. For example, the majority mentions that Dr. Vanessa Berrios testified at the second sentencing hearing about the defendant’s low risk of recidivism. Yet, Dr. Berrios’s psychosexual assessment report, as well as her testimony, was far more comprehensive than that. It covered defendant’s battle with depression since a young age, his high suicidal risk, his remorse, and the lack of evidence suggesting sexual attraction to minors or pedophile tendencies. Also, Dr. Berrios testified that the mental health treatment' the defendant would receive while incarcerated would be inadequate as it would not be sex-offender treatment. Nor does the majority mention that a Forensic Polygraph Report provided to the court concluded that defendant had not engaged in deception during his examination when he answered that he had never chatted with any other minor about sex and that he had never violated any court condition.
As recognized by the majority, the court stated that it “ha[d] taken into consideration all the evidence that is really on the record.” This inevitably included the two psychosexual assessment reports, the Forensic Polygraph Report, the testimony of Dr. Berrios, and the sentencing memoranda from the parties, which included a discussion of all the sentencing factors. This statement should be given “significant weight.” See United States v. Torres-Landrúa, 783 F.3d 58, 69 n. 12 (1st Cir.2015) (quoting United States v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir.2014))..
Also, contrary to what the majority states, the district court did consider and articulate its evaluation of the seriousness of the offense in this case. The district judge clearly stated that he was “not going to belittle the offense. It’s a very serious offense.” He further stated that “given the offense conduct, the court is at a crossroads as to the potential for this defendant to replicate this kind of conduct in the *42 future. I read this offense conduct, and I was somewhat shocked.” In addition, the district judge also stated that he wanted to be sure “that the defendant [did] not pose a threat to society in the sense of coming forward and doing anything to children.” The court’s consideration of the seriousness of the offense is also supported by the fact that it correctly calculated and carefully reviewed the Guidelines range, inasmuch as the seriousness of the offense “was clearly considered by the Sentencing Commission when setting the Guidelines ranges.” See United States v. Gall, 552 U.S. 38, 54, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).
The district court also considered and articulated its evaluation of the need to avoid potential sentencing disparities. In fact, the majority’s recounting of what was argued at the sentencing hearing regarding the need to avoid sentencing disparities, and the district court’s response to these arguments belie the statement that it did not consider this factor. In response to the government’s argument that the need to avoid potential sentencing disparities warranted a within-the-Guidelines sentence, the district judge responded that “in cases similar to this for possession of child pornography ... I have done variances and I have given long supervised release terms and no incarceration.” He also noted that the defendant had pled guilty, instead of going to trial, and that “the issue of sentencing disparity is not as great as when you have trials.” This leads to the inevitable conclusion that the district court did in fact consider the need to avoid potential sentencing disparities. Furthermore, the Supreme Court has stated that when a district court correctly calculates and carefully reviews the Guidelines range, as it did here, it necessarily gives significant weight and consideration to the need to avoid unwarranted disparities. See Gall, 552 U.S. at 54, 128 S.Ct. 586 (“As with the seriousness of the offense conduct, avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges. Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.”).
The record also shows that the district court considered the need for deterrence and to promote respect for the law. Regarding these factors, the district judge stated that defendant was extremely remorseful and that he was convinced that defendant will never engage in the same kind of conduct. The court was of the view that “a sentence of imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing.” Gall, 552 U.S. at 54, 128 S.Ct. 586.
From the discussion above, it is evident that the court did not focus on “the personal history and characteristics of the defendant” to the “exclusion of other important sentencing factors” in giving a variant sentence, as the majority mistakenly concludes. In this case, the record makes manifest that the court pondered all the sentencing factors and decided, within its discretion, to give more weight to the history and characteristics of the defendant, which it considered a salient factor, and for which it even relied on expert testimony, as it explained at the sentencing hearings. “While a sentencing court must consider all of the applicable section 3553(a) factors, it is not required to address those factors, one by one, in some sort of rote incantation when explicating its sentencing decision.” United States v. Dixon, 449 F.3d 194, 205 (1st Cir.2006); see also United States v. Zapata-Vázquez, 778 F.3d 21, 23 *43 (1st Cir.2015) (“Parsing through the section 3553(a) factors mechanically is not required.” (alterations omitted) (internal quotation marks and citation omitted)). “Nor is there any requirement that a district court afford each of the section 3553(a) factors equal prominence. . The relative weight of each factor will vary with the idiosyncratic circumstances of each case, and the sentencing court is free to adapt the calculus accordingly.” Dixon, 449 F.3d at 205 (internal citation omitted). The same is true even when variant sentences are at issue. See United States v. Del Valle-Rodríguez, 761 F.3d 171, 177 (1st Cir.2014) (holding that “a sentencing court’s obligation to explain a variance requires the court to offer a plausible and coherent rationale — but it does not require the court to be precise to the point of pedantry”); United States v. Aponte-Vellón, 754 F.3d 89, 94 (1st Cir.2014) (affirming variant sentence and holding that “[a]dmittedly, the district court did not go through each of the § 3553(a) factors one by one, but our caselaw does not demand such an exhaustive approach”); Santiago-Rivera, 744 F.3d at 233 (affirming variant sentence and holding that “the court below may not have waxed longiloquent but ‘brevity is not to be confused with inattention’ ” (quoting United States v. Turbides-Leonardo, 468 F.3d 34, 42 (1st Cir.2006))).
Furthermore, this court has held that when the sentence is outside of the Guidelines range, “[t]he court’s reasons for deviation should typically be rooted either in the nature and circumstances of the offense or the characteristics of the offender.” United States v. Martin, 520 F.3d 87, 91 (1st Cir.2008) (emphasis added); see also Santiago-Rivera, 744 F.3d at 234. That is precisely the case here, and the district court acted within its discretion in following that principle.
The majority also states that this court will not fill in “the gaps in [the] district court’s reasoning by looking to the arguments made by the parties or laid out in the PSR” because of “the extent of the variance,” its conclusion that the court failed to articulate its evaluation of factors other than rehabilitation, and its belief that it is not self-evident from the record that the district court considered said factors. My disagreement with these statements is two-fold. First, as previously discussed, it is clear from the record that the court did evaluate (and articulate its evaluation of) factors other than rehabilitation. Second, this court has previously emphasized the importance of the appellate court reviewing “the record as a whole to gauge the sentencing judge’s thought process.” United States v. Gallardo-Ortiz, 666 F.3d 808, 813 (1st Cir.2012) (internal quotation marks omitted) (quoting United States v. Clogston, 662 F.3d 588, 592 (1st Cir.2011)). To that effect, this court has been willing to fill in the gaps in order to affirm upwardly variant sentences. See, e.g., Santiago-Rivera, 744 F.3d at 233 (affirming upwardly variant sentence and holding that “any gaps in the court’s reasoning can easily be filled by ‘comparing what was argued by the parties or contained in the pre-sentence report with what the judge did’ ” (quoting United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir.2006))). Clearly, this must cut both ways and not only in cases involving upwardly variant sentences.
In sum, we “must review all sentences— whether inside, just outside, or significantly outside the Guidelines range — under a deferential abuse-of-discretion standard.” United States v. Prosperi, 686 F.3d 32, 50 (1st Cir.2012) (quoting Gall, 552 U.S. at 41, 128 S.Ct. 586). “Gall teaches that it is error to allow the dramatic nature of variance to unduly influence our review for substantive reasonableness.” Id. (quoting *44 United States v. Thurston, 544 F.3d 22, 25 (1st Cir.2008)). “We have acknowledged that even when we believe that a § 3553(a) goal is not met by a sentence, we must consider the totality of the circumstances, and in particular whether the sentence sacrifices that goal to satisfy other legitimate competing interests of the sentencing regime.” Id. Applying these principles to the instant case, I am convinced that the defendant’s sentence must be affirmed. While the district court’s explanation for the sentence imposed focused on the factors it considered more salient and did not explain some of the government’s contended § 3553(a) factors at the same length as others, “[t]hat the sentencing court chose not to attach to certain ... factors the significance that the appellant thinks they deserved does not make the sentence unreasonable.” Clogston, 662 F.3d at 592 (citing United States v. Anonymous Defendant, 629 F.3d 68, 78 (1st Cir.2010)). Because the district court considered all the relevant § 3553(a) factors to some degree, gave serious consideration to the extent of the departure from the Guidelines, and sufficiently explained the basis for its chosen sentence, deference should be given to the sentencing court. Gall, 552 U.S. at 51, 128 S.Ct. 586. Since the majority fails to do so, I respectfully dissent.
Finally, ’ I want to emphasize that, on remand, the district court should not be dissuaded from imposing the sentence of its choosing. The district court may very well, within its discretion, impose the same sentence of time served on defendant. If it decides to do so; I strongly encourage it to explain its chosen sentence in more detail, so that we may finally put an end to this case.