# United States Court of Appeals
## For the First Circuit

No. 17-1541

UNITED STATES OF AMERICA,

Appellee,

v.

NORMAN VALLELLANES-ROSA,

Defendant, Appellant.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]


Before

Thompson, Boudin, and Kayatta,
Circuit Judges.


Eric Alexander Vos, Federal Public Defender, Vivianne M. Marrero, Assistant Federal Public Defender, Supervisor, Appeals Section, and Liza L. Rosado-Rodríguez, Research and Writing Specialist, on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, on brief for appellee.


September 20, 2018

**BOUDIN**, **Circuit Judge**. In November 2014, Norman Vallellanes-Rosa ("Vallellanes") committed multiple armed robberies and carjackings around Bayamón, Puerto Rico. On November 13, Vallellanes and three others robbed a man at gunpoint before stealing his car. On November 14, Vallellanes and another individual participated in a separate armed and violent carjacking. And finally, on November 26, Vallellanes and two other individuals entered a man's home with a loaded gun and committed yet another carjacking.

Vallellanes was charged in Puerto Rico Superior Court for crimes committed during the first and third of these incidents; Vallellanes pled guilty and received concurrent nineteen-year prison sentences.

For the November 14 incident, Vallellanes was charged in a two-count federal indictment. He pled guilty to carjacking with the intent to cause death or serious bodily injury, 18 U.S.C. § 2119, and to carrying and brandishing a firearm during and in relation to a crime of violence, id. § 924(c)(1)(A)(ii). On appeal, Vallellanes challenges the sentences imposed for these two offenses.

The total offense level adopted by the district court for the section 2119 offense, coupled with Vallellanes's criminal history category ("CHC") of III, produced a guidelines sentencing range of seventy to eighty-seven months. The section 924(c)

violation carried a mandatory minimum term of eighty-four months, 18 U.S.C. § 924(c)(1)(A)(ii), which was also the recommended sentence under the guidelines, U.S.S.G. § 2K2.4(b).

Vallellanes did not challenge the guidelines calculations (nor does he on appeal). Rather, defense counsel proposed a sentence of eighty-four months for the section 924(c) violation and requested a downward variant sentence of time served--about twenty months--for the section 2119 violation.

Defense counsel pointed to Vallellanes's adverse personal circumstances, including his father's leaving the family when Vallellanes was six years old, his mother and stepfather's drug use and their deaths, and his subsequent entry into the foster care system. According to defense counsel, Vallellanes's criminal behavior began when he went "astray" after a period of successful participation in community extracurricular activities.

Defense counsel invoked Dean v. United States, which held that a district court can consider the sentence imposed under section 924(c) when determining a just sentence for the predicate crime of violence or drug trafficking. 137 S. Ct. 1170, 1176-78 (2017). Given the mandatory minimum for Vallellanes's section 924(c) count, 18 U.S.C. § 924(c)(1)(A)(ii), and section 924(c)'s requirement that any sentence imposed be "in addition to" (i.e., consecutive to) the punishment for the predicate crime, id. § 924(c)(5), Vallellanes's counsel urged that a term greater than

- 3 -

time served for the carjacking offense would result in an overall unreasonable sentence.

The government agreed with defense counsel's proposal for a sentence at the mandatory minimum of eighty-four months for the section 924(c) violation. But, given Vallellanes's criminal history and the offense conduct, the government argued that a downward variance for the section 2119 violation was not warranted. The government cited the fact that Vallellanes was "on a crime spree," having committed the instant offenses just a day after one of the locally charged armed carjackings and robberies. The government also explained that Vallellanes demonstrated "extreme cruelty to the victim" during the instant carjacking: Over a period of several hours, Vallellanes and his co-defendant threatened, beat, and robbed the victim. At one point, the victim was placed in the trunk of his car. Still, the government suggested a mid-guidelines sentence of seventy-eight months for the 2119 offense.

The district court imposed a sentence of eighty-four months for the section 924(c) offense and seventy months for the section 2119 offense, rejecting Vallellanes's request for a downward variance (yet imposing a sentence lower than that requested by the government). Given the dictates of section 924(c)(5), the sentences are to be served consecutively, resulting in a total federal imprisonment term of 154 months.

At the close of sentencing, defense counsel objected to "the substantive unreasonableness of the sentence under the case law as well as 18 U.S.C. § 3553." On appeal, Vallellanes claims that this objection was sufficient to alert the district court to the claimed procedural and substantive errors. Even if all errors were spelled out at sentencing and reviewed for abuse of discretion, Vallellanes's claims are without merit.

As an initial matter, the district court did not commit the error recently denounced by the Supreme Court in Dean. Here, there is nothing to suggest that the district court erroneously believed it had to "ignore the fact that the defendant will serve the mandatory minimum[] imposed" under section 924(c) when calculating a just sentence for the carjacking offense. Dean, 137 S. Ct. at 1174, 1176-78.

Vallellanes's main argument is that the district court failed to properly consider all of the section 3553(a) factors, giving insufficient weight to Vallellanes's redeeming personal characteristics and his nineteen-year local sentence.

But the district court twice stated that it had taken into consideration all of the section 3553(a) factors, United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011), noting aspects of Vallellanes's background, including his employment record, history of drug use, and the fact that he was placed in foster care at a young age. Additionally, the district court

expressly found that Vallellanes's "lengthy imprisonment sentence on an unrelated carjacking d[id] not justify a variance" for the instant federal carjacking offense.

Vallellanes claims that the district court focused chiefly on two of the section 3553(a) factors: the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1), and the need to protect the community from further crimes, id. § 3553(a)(2)(C). A sentencing judge, however, need not expressly address or evaluate each section 3553(a) factor one by one.  United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006).

Vallellanes's argument, then, is a "disagreement with the court's weighing" of the section 3553(a) factors.  United States v. Madera-Rivera, 898 F.3d 110, 114 (1st Cir. 2018) (citing Clogston, 662 F.3d at 593).  Here, the fact that Vallellanes was already sentenced to a lengthy prison term for separate and distinct crimes was outweighed by the violent nature of the instant carjacking offense and the corresponding need to protect the public.

Vallellanes's final argument is that the aggregate 154-month sentence is substantively unreasonable.  Yet, the district court provided a "plausible sentencing rationale" and the sentence imposed--comprised of the minimum permissible sentence for the section 924(c) offense and a sentence at the bottom of the guidelines range for the section 2119 offense--is a "defensible

result." United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008) (citing United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc)).

The overall 154-month sentence is substantial but so were Vallellanes's crimes. Nothing compelled the judge in this case to vary below the guidelines range for the federal carjacking offense, and the sentence is **affirmed**.