**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 18-1153

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ GUZMÁN-VÁZQUEZ,
a/k/a Alexis Cumba-Espinosa,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Lynch, Lipez, and Barron,
Circuit Judges.

Alex Omar Rosa-Ambert on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Thomas F. Klumper, Assistant United States Attorney, Senior Appellate Counsel, on brief for appellee.

August 19, 2019

**LIPEZ, Circuit Judge.** José Guzmán-Vázquez challenges, on procedural and substantive grounds, his within-guideline, 115-month sentence for carjacking in violation of 18 U.S.C. § 2119(1). After carefully considering the record and the parties' arguments, we affirm.

## I.

Guzmán-Vázquez approached an 84-year-old man in a Wendy's parking lot and threatened to shoot him if he did not hand over his car keys. After grabbing the keys and taking money from the man's wallet, Guzmán-Vázquez fled the scene in the man's car. He was apprehended ten days later after crashing the vehicle.

Guzmán-Vázquez pleaded guilty to a one-count indictment pursuant to a plea agreement in which he stipulated with the government to a total offense level ("TOL") of 21. The parties did not stipulate to a criminal history category ("CHC") but noted the guidelines ranges for various CHCs, including a range of 77 to 96 months' imprisonment for a CHC of VI. The parties agreed to each recommend a sentence within these applicable guidelines ranges based on Guzmán-Vázquez's CHC.

In the amended presentence report ("PSR"), the probation officer followed the parties' offense level calculations, except he included a two-level enhancement based on Guzmán-Vázquez's knowledge that the victim was vulnerable due to age, see U.S.S.G. § 3A1.1(b)(1), resulting in a TOL of 23. The probation officer

calculated Guzmán-Vázquez's criminal history score to be 20, resulting in a CHC of VI, based on Guzmán-Vázquez's extensive history of convictions, including for vehicular theft offenses. The probation officer's guidelines calculations thus yielded a sentencing guidelines range of 92 to 115 months' imprisonment. Guzmán-Vázquez did not object to the PSR.

At sentencing, Guzmán-Vázquez did not contest the PSR's guidelines calculations but requested a 77-month sentence based on, inter alia, the contention that his extensive criminal history and the carjacking were rooted in long-term, untreated drug addiction. The government requested a 96-month sentence based on the circumstances of the offense and Guzmán-Vázquez's extensive history of criminal activity. The district court agreed with the PSR's guidelines calculations. Considering the 18 U.S.C. § 3553(a) sentencing factors, the court noted, inter alia, Guzmán-Vázquez's long-term, untreated drug abuse. Concluding that the parties' recommended sentences did not adequately reflect the seriousness of the offense, promote respect for the law, protect the public from future crimes by Guzmán-Vázquez, or address the issues of deterrence and punishment, the district court sentenced Guzmán-Vázquez to 115 months' imprisonment. The district court also recommended a 500-hour drug treatment program. At the hearing's conclusion, Guzmán-Vázquez's counsel challenged the procedural and substantive reasonableness of his sentence. The

district court noted the objection but stated: "[T]he sentence remains as is.  You have got to remember that he threatened this gentleman when he committed this carjacking."  This timely appeal followed.[1]

## II.

### A.  Procedural Reasonableness

Guzmán-Vázquez contends that the district court abused its discretion by failing to consider the 18 U.S.C. § 3553(a) sentencing factors, including his long-term drug abuse and lack of treatment.  See 18 U.S.C. § 3553(a)(1) (sentencing court must consider the defendant's "history and characteristics"); United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013) (sentencing court commits procedural error by failing to consider the § 3553(a) sentencing factors).  Contrary to his contention, however, "[o]n this record, there is simply no reason not to 'credit the district court's statement that it considered all of the relevant sentencing factors.'"  United States v. Hassan-Saleh-Mohamad, 930 F.3d 1, 3 (1st Cir. 2019) (quoting United States v. Clogston, 662 F.3d 588, 592 (1st Cir. 2011)).  Guzmán-Vázquez argued before the district court that his criminal history should be considered in the context of his untreated drug

---

[1] The government concedes that the appellate waiver in the plea agreement does not apply because Guzmán-Vázquez was not sentenced in accordance with the parties' sentencing recommendations and guidelines calculations.

abuse. Hence, we readily infer that the district court considered that factor but was simply unconvinced that he warranted a lighter sentence on that basis. See United States v. Lozada-Aponte, 689 F.3d 791, 793 (1st Cir. 2012) ("The potentially mitigating factors [the defendant] identifies on appeal were thoroughly discussed in the presentence report; that the district court did not explicitly mention them during the sentencing hearing suggests they were unconvincing, not ignored."). Indeed, the district court explicitly acknowledged Guzmán-Vázquez's history of drug abuse and lack of treatment when discussing his background.

Guzmán-Vázquez's argument that the district court impermissibly refused to consider a specific sentencing factor -- "the need for the sentence imposed . . . to provide the defendant with . . . correctional treatment," 18 U.S.C. § 3553(a)(2)(D) -- is at odds with the record. Contrary to Guzmán-Vázquez's contention, the district court did not state that it would ignore his need for drug treatment in fashioning the sentence. Rather, the district court stated that it could not determine the length of the sentence based on how long it would take Guzmán-Vázquez to complete drug treatment. As the district court explained, this position is consistent with Supreme Court precedent holding that sentencing courts "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation." Tapia v. United States, 564 U.S. 319,

335 (2011).     The district court correctly considered Guzmán-Vázquez's rehabilitative needs, and in fact recommended that he be placed in a drug treatment program, without impermissibly indexing the sentence to the length of time needed to complete any treatment program.  Cf. United States v. Del Valle-Rodríguez, 761 F.3d 171, 174 (1st Cir. 2014) (explaining that Tapia error occurs where "a sentencing court's reference to rehabilitative needs was causally related to the length of the sentence" rather than being "merely one of a mix of sentencing consequences and opportunities" considered by the court).[2]

## B.  Substantive Reasonableness

Assuming, favorably to Guzmán-Vázquez, that he fully preserved his substantive reasonableness challenge, we discern no abuse of discretion because his sentence "rests on a 'plausible sentencing rationale' and embodies a 'defensible result.'" United States v. Ruiz-Huertas, 792 F.3d 223, 228 (1st Cir. 2015) (quoting

---

[2] Guzmán-Vázquez affirmatively waived any argument that he was entitled to a criminal history departure when his counsel represented to the district court that Guzmán-Vázquez was "not making the argument that [he] is entitled to a departure."  See United States v. Walker, 538 F.3d 21, 23 (1st Cir. 2008) ("Where an appellant has waived an objection below, we will not review [his] argument, even for plain error.").  Guzmán-Vázquez has also waived any argument that the district court did not adequately explain the sentence or consider sentencing disparities by failing to develop these arguments on appeal.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  Additionally, he has not preserved any argument that the district court improperly calculated the guidelines range.

United States v. Martin, 520 F.3d 87, 96 (1st Cir. 2008)). In light of the district court's focus on the serious nature of the offense and Guzmán-Vázquez's extensive criminal history, we cannot say that the within-guideline sentence imposed by the district court was "outside of the expansive universe of reasonable sentences." United States v. Severino-Pacheco, 911 F.3d 14, 21 (1st Cir. 2018) (internal quotation marks omitted). Indeed, because the sentence is within a properly calculated guidelines range, it enjoys a presumption of reasonableness, United States v. Llanos-Falero, 847 F.3d 29, 36 (1st Cir. 2017), which Guzmán-Vázquez can only rebut by "adduc[ing] fairly powerful mitigating reasons and persuad[ing] us that the district court was unreasonable in balancing pros and cons despite the latitude implicit in saying that a sentence must be reasonable," Clogston, 662 F.3d at 593 (internal quotation marks omitted). He has not done so. It was well within the court's substantial discretion to determine that the sentence it imposed was justified despite Guzmán-Vázquez's acceptance of responsibility, his history of drug abuse and lack of treatment, and his difficult background,[3] or the

---

[3] We note that the record paints a more nuanced picture of Guzmán-Vázquez's background than he presents in his appellate brief. For example, although he suggests that his criminal behavior is in some part attributable to an absentee biological father and the lack of a "stable family environment," the PSR contains the unchallenged statement that "[h]e was reared by his mother and stepfather[,] who instilled good moral values and provided proper counseling."

fact that he may not have actually had a gun when he threatened to shoot the carjacking victim. See Flores-Machicote, 706 F.3d at 20 ("Appellate review of federal criminal sentences is characterized by a frank recognition of the substantial discretion vested in a sentencing court.").[4]

To the extent Guzmán-Vázquez specifically contends that his sentence was substantively unreasonable because the district court did not give sufficient mitigatory weight to his history of drug abuse, this argument is foreclosed by the substantial deference we afford district courts in weighing the § 3553(a) sentencing factors, including potentially mitigating factors. See United States v. Joubert, 778 F.3d 247, 256 (1st Cir. 2015) ("The significance given to each relevant factor is for the district court, not an appellate court, to decide."); see also Clogston, 662 F.3d at 593 ("That the sentencing court chose not to attach to certain of the mitigating factors the significance that the appellant thinks they deserved does not make the sentence unreasonable."). In sum, we see no reason to disturb the district

---

[4] We also reject Guzmán-Vázquez's suggestion that his sentence is substantively unreasonable because it is higher than the sentence recommended by the government. As we recently explained, "we have consistently refused to accord any decretory significance to [the parties'] non-binding [sentencing] recommendations -- or even to require a sentencing court to explain why it decided to eschew those recommendations." Hassan-Saleh-Mohamad, 930 F.3d at 3 n.7 (quoting United States v. Cortés-Medina, 819 F.3d 566, 573 (1st Cir. 2016)).

court's determination that the sentence it imposed was appropriate in light of the seriousness of the offense and Guzmán-Vázquez's extensive criminal history.  See United States v. Gibbons, 553 F.3d 40, 47 (1st Cir. 2009) ("We will not disturb a well-reasoned decision to give greater weight to particular sentencing factors over others . . . .").

## III.

Rejecting Guzmán-Vázquez's challenges to his sentence, we affirm.

So ordered.