**UNITED STATES of America, Appellant,**

v.

**William THURSTON, Defendant, Appellee.**

No. 05–2271.

United States Court of Appeals, First Circuit.

Submitted May 9, 2008.

Decided Oct. 2, 2008.

Dina Michael Chaitowitz, Chief of Appeals, Michael J. Sullivan, United States Attorney, Michael K. Loucks, First Assistant United States Attorney and Susan G. Winkler, Chief, Health Care Fraud Unit, on brief for appellant.

Matthew D. Brown and Cooley Godward Kronish LLP on brief for appellee.

Before LYNCH, Chief Judge, BOUDIN and HOWARD, Circuit Judges.

HOWARD, Circuit Judge.

This, the third review of William Thurston's sentence, was necessitated by the Supreme Court's decision in *United States v. Gall,* —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We affirm the sentence.

## I.

To say that the journey of this case has been arduous for the parties involved would be an understatement. For present purposes, the background facts may be briefly sketched.[1]

A jury convicted Thurston of conspiring to defraud the Medicare program of more than five million dollars. At Thurston's sentencing, the district court applied the sentencing guidelines which yielded a range of 63 to 78 months' imprisonment.[2]

---

1. Those who desire a more comprehensive treatment of the background facts may consult our previous two decisions in this matter. *See United States v. Thurston,* 358 F.3d 51 (1st Cir.2004) (*Thurston I*); *see also United States v. Thurston,* 456 F.3d 211 (1st Cir.2006) (*Thurston II*).

2. Thurston's adjusted offense level of 26 established this sentencing range. As rehearsed in *Thurston I,* the range was calculated as

This range was trumped by a 60 month statutory maximum. Departing downward from the guidelines, the district court sentenced Thurston to three months' incarceration, followed by 24 months of supervised release.

Thurston appealed his conviction and the government cross-appealed the sentence. We affirmed Thurston's conviction but remanded for resentencing after concluding that the district court erred in granting the downward departure. *Thurston I*, 358 F.3d at 81.[3] We instructed the district court to impose the guideline sentence of 60 months' imprisonment. *Id.* at 82.

Following this disposition, the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), declaring the sentencing guidelines advisory. Accordingly, the Court vacated our judgment in this case and remanded for further consideration. *Thurston v. United States*, 543 U.S. 1097, 125 S.Ct. 984, 160 L.Ed.2d 988 (2005). After receiving and considering additional briefing, we remanded the case to the district court for resentencing.

A second district judge applied the sentencing guidelines and arrived at a recommended guideline sentence of 60 months' imprisonment. After concluding that a lower sentence was appropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court imposed a sentence significantly below the recommended guideline range—three months' incarceration with 24 months of supervised release—that mirrored the sentence imposed by the original sentencing court.[4] *Thurston II*, 456 F.3d at 214–215. Because Thurston received credit for time served, he was not required to serve more prison time. *Id.* at 215.

The government appealed Thurston's sentence as unreasonably lenient, arguing that the § 3553(a) factors the court relied on did not justify the steep downward variance the court awarded. We agreed, vacated Thurston's sentence, and again remanded for resentencing. *Thurston II*, 456 F.3d at 216–220. The Supreme Court ultimately vacated this decision as well, this time pursuant to its decision in *Gall*, and remanded the case to us for reconsideration. *Thurston v. United States*, —— U.S. ——, 128 S.Ct. 854, 169 L.Ed.2d 705 (2008). We, in turn, requested briefing on the effect of *Gall*.

## II.

After *Gall*, our review of sentences has two components. We must satisfy ourselves that the sentence imposed is both (i) procedurally sound[5] and (ii) substantively

---

follows: The court determined that the base offense level was six, that Thurston intended to defraud Medicare of more than $ 5,000,000 (a 14–level enhancement), that the crime involved more than minimal planning (a two-level enhancement), and that Thurston was an organizer or leader of extensive criminal activity (a four-level enhancement). 358 F.3d at 61. The court denied Thurston's request for an acceptance-of-responsibility adjustment and did not rule on the government's request for an obstruction-of-justice enhancement.

3. Under the pre-*Booker* federal sentencing regime then in place, a district court was required to impose a guideline sentence unless a downward departure was permitted. *See* 18 U.S.C. § 3553(b). At that time, our review of a district court's decision to depart downward was de novo. *See* 18 U.S.C. § 3742(e), as amended by Pub.L. No. 108–21, § 401.

4. The court added a $25,000 fine which was not part of the initial sentence.

5. A sentence is procedurally sound so long as the district court did not commit a procedural error in arriving at the sentence Examples of procedural errors include: "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the section 3553(a)

reasonable. *Gall,* 128 S.Ct. at 597 (noting that in considering the latter, reviewing courts must take into account the "totality of the circumstances"); *see also United States v. Martin,* 520 F.3d 87, 92 (1st Cir.2008). Our review for substantive reasonableness amounts to review for an abuse of discretion. *Gall,* 128 S.Ct. at 591.

We concluded in *Thurston II* that the district court did not commit procedural error in arriving at Thurston's sentence. *Thurston II,* 456 F.3d at 215. There is no need to revisit that determination here. Our focus, then, is on the substantive reasonableness of Thurston's sentence.

Thurston argues that after *Gall,* our holding in *Thurston II*—that the sentence imposed is unreasonable—cannot stand. He contends that our holding fails to afford sufficient deference to the district court's sentencing decision and that we should now affirm his sentence. The government argues that, even in light of *Gall,* the sentence imposed is substantively unreasonable and that we should reinstate our reasoning, vacate Thurston's sentence, and remand for resentencing. Understanding that *Gall* sends a clear message to reviewing courts that the sentencing decisions of district courts should generally be respected, we affirm the sentence.

We start by stating the obvious. In this case the variance from the guideline sentence was dramatic. The guideline sentence was five years of prison time. The district court, however, imposed a sentence of three months' incarceration followed by 24 months of supervised release.

To be sure, *Gall* teaches that it is error to allow the dramatic nature of a variance to unduly influence our review for substantive reasonableness. In particular, in *Gall*

the Court rejected the use of "a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Gall,* 128 S.Ct. at 595.

But the degree of variance, even after *Gall,* is not without import. *Id.* at 597 ("If [the sentencing court] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.... We find it uncontroversial that a major departure [from the guidelines] should be supported by a more significant justification than a minor one."); *see also Martin,* 520 F.3d at 91 (noting that even after *Gall* "a certain 'sliding scale' effect lurks in the penumbra of modern federal sentencing law."); *United States v. Grossman,* 513 F.3d 592, 596 (6th Cir.2008) ("[*Gall* ] permits ... appellate courts to require some correlation between the extent of the variance and the justification for it.").

In *Thurston II,* we explained in detail why we considered Thurston's sentence, the result of a dramatic variance from the guideline sentence, to be substantively unreasonable. 456 F.3d at 215–20. In particular, we believed the lenient sentence imposed by the district court failed to reflect both the seriousness of the offense and the need for general deterrence. *See* U.S.C. § 3553(a)(2)(A), (a)(2)(B). The sentence also, in our view, treated the defendant unreasonably similarly to a co-defendant who was situated differently. *Id.* at § 3553(a)(6). Even after *Gall,* we could remand for reconsideration of the sentence in light of these concerns. *See, e.g., United States v. Tom,* 504 F.3d 89 (1st Cir.

factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an expla-

nation for any deviation from the Guidelines range." *Gall,* 128 S.Ct. at 597.

2007). Nevertheless, upon considering the sentence in light of *Gall*, we conclude that a remand here would serve little purpose.

In arriving at Thurston's sentence the district court relied on a host of § 3553(a) factors in addition to the ones detailed above. The court discussed how Thurston's sentence served § 3553(a)'s goal of specific deterrence, noting that Thurston had accepted responsibility for his crime. The court also considered Thurston's "charitable work, community service, generosity with time, and spiritual support and assistance to others." *See* 18 U.S.C. § 3553(a)(1) (history and characteristics of the defendant). Although we may disagree that Thurston's sentence serves other goals of § 3553(a), we must ultimately take into account the "totality of the circumstances" when reviewing a defendant's sentence. *Martin*, 520 F.3d at 92. Here, given *Gall*'s broader definition of the deference given to district judges' sentencing decisions, we affirm.

So ordered.