# United States Court of Appeals
## For the First Circuit

No. 17-2005

UNITED STATES OF AMERICA,

Appellee,

v.

OMAR SOSA-GONZÁLEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, Chief Judge,
Lynch and Thompson, Circuit Judges.

Luis A. Guzmán Dupont on brief for appellant.
Mariana E. Bauzá-Almonte, Assistant United States Attorney,
Steven Liong-Rodríguez, Special Assistant United States Attorney,
and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief
for appellee.

August 14, 2018

**LYNCH**, **Circuit Judge**.  This is a sentencing appeal.  Omar Sosa-González ("Sosa") pleaded guilty to one count of being a felon in possession of a firearm and ammunition and to one count of possession of a machine gun, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 922(o) respectively.  Sosa challenges his sixty-six month sentence on procedural and substantive reasonableness grounds.  We affirm the sentence.

I.

The background facts are these.  On March 13, 2017, agents of the Puerto Rican Police Department ("PRPD") were told that a man -- later identified as Sosa -- had been seen carrying a firearm in public.  An agent of the PRPD then surveilled Sosa's residence on March 15 and 17, and saw Sosa carrying a handgun while Sosa walked from his car to his residence.  PRPD agents then executed a search warrant on Sosa's residence on March 28, 2017.

This search uncovered a loaded AK-47 rifle and 28 rounds of 7.62 caliber ammunition in Sosa's room.  After knowingly waiving his rights, Sosa told the agents that the rifle belonged to him and that no other members of his family knew about his possession of the rifle.  Sosa also told agents that the rifle was fully automatic.

Further police investigation determined that: the rifle was modified to shoot more than one round of ammunition, without manual reloading, by a single function of the trigger; Sosa had

been convicted of crimes punishable by terms of imprisonment exceeding one year previously; and the rifle and ammunition had not been manufactured in Puerto Rico. The modification of the rifle made it qualify as a machine gun under 18 U.S.C. § 922(o).

In April 2017, a grand jury in the district of Puerto Rico indicted Sosa for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and for possession of a machine gun, in violation of 18 U.S.C. § 922(o).

Pursuant to a plea agreement, Sosa stipulated to the facts discussed here, and agreed to plead guilty to one count of being a felon in possession of a firearm and ammunition and to one count of possession of a machine gun. The sentencing calculation in the plea agreement started with a Base Offense Level of 22, coupled with a three-level reduction for timely acceptance of responsibility.

There was no stipulation as to Sosa's Criminal History Category. Sosa had six state-level convictions in Puerto Rico, including for: unlicensed firearm possession (six month sentence), unlawful ammunition possession (three year and one day sentence), two counts of possession of controlled substances (twenty-four month sentence), and two counts of conspiracy to possess with intent to distribute controlled substances (thirty month sentence).

The parties agreed that each would seek a sentence within the Guidelines sentencing range ("GSR") for a Total Offense Level ("TOL") of 19 and the relevant Criminal History Category. Sosa agreed to waive his right to appeal if the district court imposed a sentence of fifty-seven months or less, and acknowledged that the district court could, in its discretion, impose a sentence up to the statutory maximum for each offense.

The statutory maximum for both a violation of 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm and ammunition, and for a violation of 18 U.S.C. § 922(o), possession of a machine gun, is: an imprisonment term of not more than ten years, 18 U.S.C. § 924(a)(2); supervised release of not more than three years, 18 U.S.C. § 3583(b)(2); and a fine of not more than $250,000, 18 U.S.C. § 3571(b)(3).

The Presentence Investigation Report ("PSR") noted Sosa's six prior convictions related to firearms and drug offenses. These convictions led to a criminal history score of nine, and a Criminal History Category of IV. Between this category and the TOL, the calculated GSR was forty-six to fifty-seven months. Sosa did not object the PSR, stating that "it reflects completely and fully Mr. Omar Sosa's situation as to his life, careers, education, substance abuse, [how] he was raised, and . . . the facts of the case."

Sosa then requested a sentence of forty-six months due to, inter alia, Sosa's repentance, his claim of possessing the rifle due to fear of an unidentified person who had escaped from jail, and his desire to better himself by attending drug treatment and becoming certified as a barber in prison.

The government requested a sentence of fifty-seven months due to, inter alia, the "serious nature and circumstances of the offenses," the dangerousness of machine guns, Sosa's criminal history and use of illegal drugs, and his sporadic employment.

The district court determined that the PSR had been calculated accurately. The court then imposed a sentence above the GSR: sixty-six months imprisonment for each count, to be served concurrently, and three years of supervised release. The court explained its reasons for this sentence. Sosa objected generally that this sentence "is unreasonable," and timely appealed.

II.

The parties agree that the waiver of appeal provision in the plea agreement is inapplicable, because the sentence given was longer than the agreed-to range.

We generally review claims of sentencing error for reasonableness under an abuse of discretion standard. See Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Soto-Soto, 855 F.3d 445, 448 (1st Cir. 2017). Our analysis has two parts:

"we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011). In this analysis, "[w]e review the district court's interpretation of the guidelines de novo and its fact finding for clear error." United States v. Reyes-Rivera, 812 F.3d 79, 85 (1st Cir. 2016).

When a defendant does not raise a procedural objection at sentencing, the review is instead for plain error.[1] Id. Here, Sosa did not preserve his procedural objection. Sosa stated generally that "we object as to the sentence because we believe it is unreasonable." Sosa made no more specific objection. "A general objection to the procedural reasonableness of a sentence is not sufficient to preserve a specific challenge to any of the sentencing court's particularized findings. To preserve a claim of error . . ., an objection must be sufficiently specific to call the district court's attention to the asserted error." Soto-Soto, 855 F.3d at 448 n.1.

---

[1] To prevail under this demanding standard, an appellant must demonstrate "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Rondón-García, 886 F.3d 14, 20 (1st Cir. 2018) (quoting United States v. Cortés-Medina, 819 F.3d 566, 569 (1st Cir. 2016)).

But even reviewed under the more defendant-friendly abuse of discretion standard, Sosa cannot meet his burden.

A.    Procedural Reasonableness

Sosa asserts that the district court did not "consider all the relevant § 3553(a) factors," and did not adequately explain the reasons for the sentence.  He further protests that the district court "did not give . . . adequate consideration to the facts of the case and the Defendant-Appellant's characteristics, and, instead, focused primarily on the nature of the offense to calculate the term of the imprisonment."  Relatedly, Sosa stressed at the sentencing hearing that he "had the weapon because he felt threatened by someone . . . [and] feared for his life," but he did not provide any information whatsoever about this threat.

A district court's sentence is procedurally reasonable if:

> the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008) (quoting Gall, 552 U.S. at 51).

As to the consideration and balance of the § 3553(a) factors, which Sosa primarily relies upon in his appeal, a district court "need not verbalize its evaluation of each and every section 3553(a) factor." Reyes-Rivera, 812 F.3d at 89. And we have made clear in several cases that "a sentencing court is not required to address the § 3553(a) factors one by one, in some sort of rote incantation when explicating its sentencing decision, nor must the court afford each of the § 3553(a) factors equal prominence." United States v. Vázquez-Vázquez, 852 F.3d 62, 66 (1st Cir. 2017) (quoting United States v. Pulido, 566 F.3d 52, 64 (1st Cir. 2009)).

Contrary to Sosa's assertion, the district court expressly discussed, and gave more than sufficient consideration to, several § 3553(a) factors.

The district court first stated directly that it considered the sentencing factors "set forth in Title 18, United States Code section 3553(a)." The district court clearly laid out Sosa's prior convictions "for being in possession of an unlicensed firearm, for unlawful possession of ammunition, of conspiracy to possess with intent to distribute controlled substances, and of possession of controlled substances, all by the Carolina Superior Court."

The district court then discussed and considered Sosa's relevant history and characteristics, including his age, education, employment history, and drug use. Next, the district

court discussed the nature and circumstances of the offense, including that the firearm in Sosa's possession had "a 30-round high capacity magazine containing 28 rounds of 7.62 caliber ammunition" and that the rifle had been "modified to shoot automatically." The district court also noted that machine guns are "dangerous and unusual weapons . . . not typically possessed by law-abiding citizens for lawful purposes." The district court further cited a Ninth Circuit case, United States v. Henry, 688 F.3d 637 (9th Cir. 2012), that examined the danger of machine guns, which "can fire more than 1,000 rounds a minute, which permits a shooter to kill dozens of people within a matter of seconds, usually innocent bystanders."

Accordingly, the district court determined that neither the government's nor Sosa's suggested sentence adequately "reflects the serious[ness] of the offense, . . . promotes respect for the law, . . . or protects the public from further crimes by Mr. Sosa." The district court also mentioned the need for proper "deterrence and punishment."

Given this ample consideration of § 3553(a) factors by the district court, Sosa's suggestion that the district court "did not give . . . adequate consideration to the facts of the case and the Defendant-Appellant's characteristics" indicates that Sosa's "real complaint is not that the [district] court failed to consider the section 3553(a) factors, but that the court did not assign the

weight to certain factors that [Sosa] thought appropriate." United
States v. Ruiz-Huertas, 792 F.3d 223, 227 (1st Cir. 2015).
Needless to say, this does not constitute abuse of discretion.

B.    Substantive Reasonableness

Sosa also challenges the substantive reasonableness of
his sentence.    He argues generally that the district court
"fail[ed] to consider mitigating factors," and specifically that
the district court "insufficiently considered . . . the 'history
and characteristics of the defendant.'"    Sosa mentions no other
mitigating factors specifically.[2]

We typically review the substantive reasonableness of a
sentence for abuse of discretion, considering the totality of the
circumstances.    See Ruiz-Huertas, 792 F.3d at 226.    Sosa's claim
is waived, however, because Sosa makes no specific argument that
demonstrates how different weighing or consideration of
potentially mitigating factors would have changed the outcome of
the case.    Even if we were to excuse Sosa's waiver, the sentencing
court did not abuse its discretion in sentencing him.

A sentence is substantively reasonable if there is "a
plausible sentencing rationale and a defensible result."    Martin,
520 F.3d at 96.    The district court met these requirements by

---

[2]    Sosa also rehashes his argument that the 18 U.S.C.
§ 3553(a) factors were inadequately explained. As articulated
above, the district court suitably explained its reasoning under
these factors.

considering, inter alia, Sosa's criminal history, his drug use, and the dangerousness of machine guns. After all, "[t]hat the sentencing court chose not to attach to certain of the mitigating factors the significance that the appellant thinks they deserved does not make the sentence unreasonable." Clogston, 662 F.3d at 593.

"There is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes." Id. at 592. The district court's sixty-six month sentence -- representing a modest upward variance from the GSR -- was well within this universe of the reasonable.

III.

For the reasons set forth above, we affirm Sosa's sentence.