# United States Court of Appeals
## For the First Circuit

No. 18-1679

UNITED STATES OF AMERICA,

Appellee,

v.

EDWIN JURADO-NAZARIO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Lynch and Boudin,*
Circuit Judges.

Johnny Rivera-González on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, on brief for appellee.

October 30, 2020

---

* While this case was submitted to a panel that included Judge Torruella, he did not participate in the issuance of the panel's opinion. The remaining two panelists therefore issued the opinion pursuant to 28 U.S.C. § 46(d).

**BOUDIN, Circuit Judge.** Edwin Jurado-Nazario pled guilty to two counts of Production of Child Pornography, see 18 U.S.C. § 2551(a) and (e), and two counts of Transportation of a Minor with the Intent to Engage in Criminal Sexual Activity, see 18 U.S.C. § 2423(a). For these offenses, his plea agreement tentatively calculated a prison term of 210 to 262 months.

The starting point for a district court's sentencing determination "is the guideline range, not the parties' recommendations." United States v. Cortés-Medina, 819 F.3d 566, 573 (1st Cir. 2016). Here, the district court made its own calculations, resulting in a proposed sentence between 324 and 405 months. The court then granted Jurado-Nazario a downward variance, citing his service in the United States Army, and sentenced him to a prison term of 300 months.

Jurado-Nazario appealed, arguing that his sentence was substantively unreasonable and that the government violated his plea agreement by defending the sentence.

Before this court, Jurado-Nazario conceded that the district court correctly calculated the applicable guidelines range and that his sentence was procedurally sound, but he argued that the district court abused its discretion, thus creating a sentence that was substantively unreasonable, by impermissibly balancing the sentencing "pros and cons." The government answered that the sentence, twenty-four months below the applicable

guidelines range, was substantively reasonable. Jurado-Nazario responded that the government violated his plea agreement, in which they agreed not to recommend a sentence higher than 235 months, by defending the reasonableness of his 300-month sentence.

Breach of Plea Agreement. Although "arguments raised for the first time in an appellate reply brief [are] ordinarily deemed waived," United States v. Casey, 825 F.3d 1, 12 (1st Cir. 2016), an appellant's reply to an argument raised for the first time in the opposing appellee's brief has not been waived, for the appellant brought the issue to the court's attention "at the earliest point when it was logical to do so." Holmes v. Spencer, 685 F.3d 51, 66 (1st Cir. 2012); see also Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc., 812 F.3d 213, 228 n.29 (1st Cir. 2016); Alfano v. United States, 592 F. Supp. 2d 149, 153 (D. Me. 2008) (describing a case in which this court reviewed on the merits an argument raised for the first time in the defendant's reply brief because the argument was in response to a contention raised for the first time in the government's brief).

Because Jurado-Nazario raised the argument that the government violated the terms of his plea agreement "at the earliest point when it was logical to do so," this court will not "fault him for not having raised it sooner." Holmes, 685 F.3d at 66; see also Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 29-30 (1st Cir. 2015). "Whether the government has breached

- 3 -

its plea agreement . . . presents a question of law, and our review is de novo." United States v. Cruz-Vázquez, 841 F.3d 546, 548 (1st Cir. 2016) (citing United States v. Rivera-Rodríguez, 489 F.3d 48, 57 (1st Cir. 2007)).

A plea agreement is interpreted according to normal contract principles. See United States v. Marín-Echeverri, 846 F.3d 473, 477-78 (1st Cir. 2017). This court has been "scrupulous in holding defendants to the terms of the plea agreements that they enter knowingly and voluntarily." United States v. Ortiz-Santiago, 211 F.3d 146, 151 (1st Cir. 2000). But "[w]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Cruz-Vázquez, 841 F.3d at 548 (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)).

Jurado-Nazario's plea agreement calculated a total offense level of 37, for which the guidelines recommend a prison term of 210 to 262 months. In Jurado-Nazario's plea agreement, the government allowed "the defendant to argue for a variant sentence of incarceration as low as 15 years (180 months)" and "reserve[d] the right to argue for a sentence of incarceration up to 235 months (19.5 years)." App. vol. I, 22. Both sides then promised that "no further adjustments or departures to the

- 4 -

defendant's total offense level shall be sought by the parties."
App. vol. I, 23.

The government kept its promise. At the sentencing hearing, the government resisted Jurado-Nazario's request for a 180-month prison term, emphasizing that Jurado-Nazario's crimes involved four different victims and equating the good qualities that Jurado-Nazario had put forward as potential mitigating factors to those that a pedophile needs to gain a victim's trust. On that basis, the Government suggested a prison term of 235 months, exactly the term promised in Jurado-Nazario's plea.

The government did not breach the plea agreement by arguing before this court that Jurado-Nazario's sentence was reasonable. Defending the district court's discretionary judgment to impose a 300-month sentence does not violate the government's promise to refrain from seeking "adjustments or departures to the defendant's total offense level" or from recommending a sentence of over 235 months. Those promises applied to the government's recommendation at sentencing, not to a future appeal. Furthermore,

> [a]s an appellee, the government is tasked, in effect, with defending the district court's judgment when a criminal defendant appeals. In our view, the government normally should be free, on appeal, to support a ruling of the district court even though a plea agreement precluded it below from arguing the position that underpins the ruling.

- 5 -

United States v. Carbajal-Váldez, 874 F.3d 778, 786-87 (1st Cir. 2017) (footnote omitted).

Substantive Reasonableness. Jurado-Nazario was sentenced to a 300-month sentence, rather than a 180-month sentence as requested in his sentencing memorandum. An objection to his sentence on the ground of substantive reasonableness is therefore preserved. See Holguin-Hernandez v. United States, 140 S. Ct. 762, 766 (2020). Jurado-Nazario contends that the district court abused its discretion when it impermissibly balanced the sentencing factors in 18 U.S.C. § 3553(a), resulting in a substantively unreasonable sentence. We review his challenge for abuse of discretion, taking into account the totality of the circumstances. See Gall v. United States, 552 U.S. 38, 51 (2007).

The district court adopted the pre-sentence report's offense level of 41 and a criminal history category of I, which indicated a sentencing range of 324 to 405 months in prison. Then, noting Jurado-Nazario's military service, the district court sentenced him to 300 months. Jurado-Nazario does not dispute that the court adopted the correct guidelines range. Instead, he puts forward mitigating factors that, he alleges, support an even greater downward variance than the one the court awarded.

Jurado-Nazario claims that the court should have fashioned a more lenient sentence because (1) he is a veteran who served abroad in the US Army, (2) his family was abusive and

neglectful to him as a child, (3) during his military service, he suffered a traumatic brain injury and post-traumatic stress disorder that triggered his resulting crimes, and (4) the sentencing guidelines for child pornography are unduly harsh. But the district court did not err. First, the district court took his military service into account and granted a more lenient sentence on that basis. Second, Jurado-Nazario admits that his background was "vastly discussed" in court; "[t]hat the sentencing court chose not to attach to certain of the mitigating factors the significance that the appellant thinks they deserved does not make the sentence unreasonable." United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011). Third, the district court conducted an evidentiary hearing and then made a factual finding that there was "no medical evidence" of a traumatic brain injury and no evidence that proved a causal connection between PTSD and Jurado-Nazario's criminal behavior. In the context of sentencing, we review factual findings for clear error, see United States v. Carpenter, 781 F.3d 599, 622 (1st Cir. 2015), and here, the district court's findings were not clearly erroneous.

Lastly, some do regard the guidelines for child pornography as remarkably harsh considering that murder convictions can yield shorter sentences. See, e.g., Clogston, 662 F.3d at 593 (calling the guidelines for child pornography cases "very stern"). Ultimately, however, the sentencing guidelines

reflect social attitudes and can be changed by the political branches. Here, the district court chose a 300-month sentence, taking into account both Jurado-Nazario's specific circumstances and the fact that child pornography can expose victims to long-term damage and must be deterred.

**Affirmed.**