# United States Court of Appeals
## For the First Circuit

No. 23-1130

UNITED STATES OF AMERICA,

Appellee,

v.

KEVIN MACVICAR,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Lance E. Walker, U.S. District Judge]

Before

Kayatta, Selya, and Rikelman,
Circuit Judges.

Hunter J. Tzovarras on brief for appellant.
Darcie N. McElwee, United States Attorney, and Brian S. Kleinbord, Assistant United States Attorney, on brief for appellee.

March 15, 2024

**SELYA**, **Circuit Judge**.  After defendant-appellant Kevin MacVicar entered a guilty plea to a single count of possession of child pornography, see 18 U.S.C. § 2252A(a)(5)(B), the district court imposed a below-guidelines sentence.  The defendant nonetheless complains that this seven-year sentence is both procedurally flawed and substantively unreasonable.  We disagree — and, thus, we affirm the challenged sentence.

**I**

We briefly rehearse the relevant facts and travel of the case.  Because the defendant's sentence follows a guilty plea, we draw the facts from the plea agreement, the presentence investigation report (PSI Report), and the transcript of the disposition hearing.  See United States v. deJesús, 6 F.4th 141, 145 (1st Cir. 2021); United States v. Del Valle-Rodríguez, 761 F.3d 171, 173 (1st Cir. 2014).

In May of 2020, a federal agency — Homeland Security Investigations (HSI) — was investigating users of an instant messaging application in the San Francisco area.  This application allows users to chat and exchange images and videos.  HSI's concern was the distribution of child pornography on the platform.  In particular, HSI agents had identified one user who employed the platform to upload pornographic images of children and traced the IP address for that user's account to a residence in Hampden,

Maine. Subsequent investigation revealed that the defendant dwelled at that address.

On February 22, 2021, HSI agents conducted a traffic stop of the defendant on his way to work. The agents told the defendant that they had a search warrant for his residence and that they "hope[d]" to speak with him about their investigation. After agreeing to speak with the agents and giving them his cell phone (which was also a target of the warrant), the defendant admitted to using his account to upload child pornography onto the messaging application.

Later that day, the agents executed the search warrant at the defendant's residence. There, they seized twenty-five electronic storage devices. During a forensic investigation of these devices, the agents found over 1,000 photographs and 200 videos depicting child pornography, some of which dated back to 2012.

At his initial appearance, the defendant waived indictment and entered a guilty plea to a single charge — proffered through an information — of possession of child pornography. See 18 U.S.C. § 2252A(a)(5)(B). The district court accepted his plea and ordered the preparation of a PSI Report.

In the PSI Report, the probation office set the base offense level (BOL) at eighteen. See USSG §2G2.2(a). It then recommended several enhancements to the BOL due to, inter alia,

the ages of the minor victims depicted in the files, the graphic content of the files, and the number of files retrieved from the defendant's possession. After applying an acceptance-of-responsibility reduction, see USSG §3E1.1, the adjusted offense level was lowered to thirty-three. Because the defendant had no criminal history, he was placed in criminal history category I. These calculations yielded a guideline sentencing range (GSR) of 135 to 168 months' imprisonment. The defendant advanced two objections to the PSI Report — neither of which is relevant here.[1] A revised PSI Report was prepared, but the GSR remained intact.

At the disposition hearing, the defendant urged the court not to impose a term of imprisonment or, in the alternative, to impose no more than a one-year term of imprisonment. The defendant emphasized that his difficult childhood, honorable military service, and ongoing mental health issues warranted a sentence significantly below the bottom of the GSR. He added that "he ha[d] proven that he's not a danger to society," that "he doesn't need individual deterrence," and that general deterrence

---

[1] In his first objection, the defendant requested that the probation office amend several paragraphs in the report to note that the images and videos were located in "unallocated space." The probation office amended four paragraphs to this effect. In his second objection, the defendant requested that one of his proposed supervised release conditions be amended to allow unsupervised contact with his son. The probation office declined this request, and the defendant did not renew it before the district court.

would best be served through the court's recognition of an individual's genuine effort to seek treatment and the court's imposition of a sentence that reflects that recognition.

In support, the defendant introduced the testimony of his mental health service provider, who explained that the defendant had engaged in extensive mental health treatment since the inception of his criminal case. The service provider testified that the defendant was "fully engaged in treatment" and "continue[d] to make . . . progress." The service provider also opined that the defendant posed "a very low risk of recidivism." Approaching the problem from a different angle, the defendant's wife testified as to the "harm" that the defendant's incarceration would have on the defendant and his family. And in his allocution, the defendant echoed these sentiments, assuring the court that he was "dedicated to proving to the community, [his] family, and the justice system" that he would not engage in the offensive conduct again.

The government took a somewhat different view. It recommended that the court impose a 120-month term of immurement. The government noted, among other things, that the content of the files — child pornography depicting the rape of girls — and the gratification that the defendant expressed from viewing this content demanded an incarcerative term. Although the government recognized that some of the 18 U.S.C. § 3553(a) factors weighed in

the defendant's favor, it made clear that other factors — such as the seriousness of the offense and respect for the law — cut the other way.

The district court adopted the entirety of the revised PSI Report (including the proposed guideline calculations). The court noted, though, that — in its judgment — a sentence within the GSR was "greater than necessary to achieve the underlying goals set forth in [section] 3553(a)." Having undertaken an "individualized assessment of [the defendant's] situation," the court determined that a downwardly variant sentence was appropriate. Specifically, the court explained that "the reason" it would impose such a sentence was to "give [the defendant] some credit for having tried to" address the underlying causes of his actions. Relatedly, the court found the defendant to be a "prosocial member of society." But in the end, the court concluded that "[a]ll of those things which mitigate a sentence of incarceration are, in my mind, outweighed" by the aggravating factors. The court proceeded to impose an incarcerative sentence of eighty-four months' imprisonment.

This timely appeal followed.

## II

"Appellate review of claims of sentencing error entails a two-step pavane." United States v. Matos-de-Jesús, 856 F.3d 174, 177 (1st Cir. 2017); see United States v. Rijos-Rivera, 53

F.4th 704, 707 (1st Cir. 2022). In this exercise, "we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable." United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011).

The procedural component of a sentence includes possible "errors such as failing to consider appropriate sentencing factors, predicating a sentence on clearly erroneous facts, or neglecting to explain the rationale for a variant sentence adequately." Del Valle-Rodríguez, 761 F.3d at 176. The substantive component of a sentence "focuses on the duration of the sentence in light of the totality of the circumstances." Id.

"At both steps of this pavane, our review of preserved claims of error is for abuse of discretion." United States v. Díaz-Lugo, 963 F.3d 145, 151 (1st Cir. 2020); see United States v. Vélez-Andino, 12 F.4th 105, 112 (1st Cir. 2021). If a party fails to preserve claims of error in the court below, we review only for plain error. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001); see also United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015).

With this framework in place, we turn to the defendant's assignments of error. Here, the defendant challenges both the procedural integrity and the substantive reasonableness of his sentence. We address each challenge in turn.

The defendant's claim of procedural error centers on the allegation that the district court failed to "consider [the defendant's] significant treatment efforts and his need for continued treatment" when determining the appropriate sentence. Because this allegation was not advanced below, we review for plain error. See Duarte, 246 F.3d at 60.

"The plain error hurdle is high." United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989). To prevail under plain error review, the defendant must demonstrate "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantive rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Duarte, 246 F.3d at 60. Here, we discern no error at all and, thus, no plain error.

We begin with first principles. When imposing a sentence, a district court "must consider all [the] relevant section 3553(a) factors." Clogston, 662 F.3d at 592; see 18 U.S.C. § 3553(a). But the court "need not do so mechanically." United States v. Vargas-Dávila, 649 F.3d 129, 131 (1st Cir. 2011). As we have said, a sentencing court "is not required to address those factors, one by one, in some sort of rote incantation when explicating its sentencing decision." United States v. Dixon, 449

F.3d 194, 205 (1st Cir. 2006); see United States v. Sosa-González, 900 F.3d 1, 5 (1st Cir. 2018); Ruiz-Huertas, 792 F.3d at 226.

In the case at hand, the defendant asserts that the sentencing court "exclu[ded]" certain mitigating factors from its sentencing calculus. Specifically, the defendant suggests that the court failed to consider "his significant treatment efforts and his need for continued treatment." The record, though, makes manifest that the sentencing court did not overlook these factors.

To begin, the mitigating factors identified by the defendant were well-argued before the court at sentencing. The defendant presented testimony by his mental health service provider about his sincere engagement and progress in therapy, including an opinion that continuing therapy in prison would hinder his progress. So, too, the defendant testified as to his progress in treatment and his desire to continue treatment. And these factors were specifically acknowledged by the district court when it imposed the challenged sentence. The district court observed that the defendant's mental health treatment had resulted in much "self-reflection and honesty and introspection." Indeed, the court stated that it was imposing a downwardly variant sentence because it gave the defendant's genuine efforts on these fronts "some credit."

The defendant's narrow focus on his need for treatment and rehabilitation gives too little credit to the reality that an

offender's rehabilitation is but one factor in the sentencing calculus. See 18 U.S.C. § 3553(a) (listing factors). In this instance, the court made clear that it had considered all the relevant factors. Such a statement is "entitled to some weight." United States v. Dávila-González, 595 F.3d 42, 49 (1st Cir. 2010); see Clogston, 662 F.3d at 592. And this is particularly so when — as in this case — the record makes pellucid that the sentencing court adequately considered all the relevant factors in determining the defendant's sentence.

The defendant cites United States v. Olhovsky, 562 F.3d 530 (3d Cir. 2009), for the proposition that a district court's failure to "mention" a mitigating factor when pronouncing sentence may constitute procedural error. In Olhovsky, the Third Circuit held that the sentencing court procedurally erred because it "focused on [some factors] to the exclusion of [the] other sentencing factors." Id. at 547. As we already have indicated, though, the record here shows with conspicuous clarity that the court did not exclude any factors from its sentencing calculus. It considered all the relevant factors, including the mitigating factors that the defendant claims the court failed to consider (his "significant treatment efforts and his need for continued treatment").

In all events, a sentencing court's failure to mention a mitigating factor does not automatically constitute procedural

error.  See Díaz-Lugo, 963 F.3d at 152.  We have stated that when the court "did not explicitly mention [such a factor] during the sentencing hearing," it may well suggest that the factor was "unconvincing, not ignored."  United States v. Lozada-Aponte, 689 F.3d 791, 793 (1st Cir. 2012).  So it is here.

That ends this aspect of the matter.  Because the record shows that the sentencing court adequately considered all of the relevant factors when it imposed the defendant's sentence, we reject the defendant's claim of procedural error.

**B**

We turn next to the defendant's claim that his sentence was substantively unreasonable.  "[W]here a criminal defendant advocates for a sentence shorter than the one ultimately imposed[,]. . . [n]othing more is needed to preserve the claim that a longer sentence is unreasonable."  Holguin-Hernandez v. United States, 140 S. Ct. 762, 766 (2020); see United States v. Jurado-Nazario, 979 F.3d 60, 63-64 (1st Cir. 2020).  Our standard of review, therefore, is abuse of discretion.  See Gall v. United States, 552 U.S. 38, 51 (2007); deJesús, 6 F.4th at 149.

When considering the reasonableness of a given sentence, "there is not a single appropriate sentence but, rather, a universe of reasonable sentences."  United States v. Rivera-González, 776 F.3d 45, 52 (1st Cir. 2015); see Ruiz-Huertas, 792 F.3d at 229.  Ordinarily, when a sentence is within a properly calculated GSR,

- 11 -

a defendant "faces a steep uphill climb" to demonstrate that the length of that sentence is unreasonable.  deJesús, 6 F.4th at 150. "[T]he climb is even steeper where, as here, a defendant contests the length of a downwardly variant sentence."  Id.; see United States v. Millán-Machuca, 991 F.3d 7, 32 (1st Cir. 2021).  In the last analysis, "the hallmarks of a substantively reasonable sentence are a plausible sentencing rationale and a defensible result."  United States v. Rodríguez-Cruz, 997 F.3d 362, 366 (1st Cir. 2021).

In this instance, the district court's rationale is thoroughly plausible.  The court weighed the relevant sentencing factors and explained why the sentence it imposed was "not greater than necessary" to achieve the goals of sentencing.  In particular, the court explained — when it rejected the defendant's request for a no-jail sentence — that the offense of conviction was "nowhere near the lower end of the spectrum for [a child pornography possession] case."  The court considered the defendant's personal characteristics and history but found that the mitigating factors were "outweighed by at least a few things," including "the seriousness of the offense" and "just punishment of the offense." The court also observed that the defendant's conduct affected "real victims" and fed "the demand side of a market which causes the supply of a horrible, unspeakable product."  In light of these

findings, we are bound to regard the court's sentencing rationale as plausible.

The question, then, is whether the sentence is defensible. We conclude that it is. The defendant possessed thousands of images and videos of child pornography spanning at least nine years. These images and videos depicted the sexual abuse and exploitation of prepubescent children, including children under the age of five. In addition, the corresponding messages posted by the defendant on the messaging application indicated that the defendant derived gratification from viewing and sharing this content. The heinous impact of the child pornography market on society cannot be understated, nor can the defendant's place in that market. Given this chiaroscuro record, we cannot say that the challenged sentence is indefensible.

The defendant demurs, insisting that the length of the sentence imposed by the district court was unreasonable "because the district court placed too much weight" on factors related to the offense of conviction "and not enough weight on . . . other sentencing factors."[2] We need not tarry. "[A]s we repeatedly have

---

[2] For the sake of completeness, we add that the defendant reprises his reliance on Olhovsky and argues that his sentence is substantively unreasonable because the court below — like the district court in Olhovsky — focused too much on some factors (in this case, the offense of conviction and punishment) and not enough on other factors (in this case, treatment and rehabilitation). Because this argument is merely a variation on a theme already explored and rejected, we do not address it separately.

- 13 -

stated, '[t]hat [a] sentencing court chose not to attach to certain of the mitigating factors the significance that the [defendant] thinks they deserved does not make [his] sentence unreasonable." United States v. Sansone, 90 F.4th 1, 10 (1st Cir. 2024) (second, third, and fourth alterations in original) (quoting Clogston, 662 F.3d at 593); see United States v. De Jesús-Torres, 64 F.4th 33, 42 (1st Cir. 2023); United States v. Ortiz-Pérez, 30 F.4th 107, 112-13 (1st Cir. 2022).

The short of it is that the court below articulated a plausible sentencing rationale and reached a defensible result. The defendant's claim of substantive unreasonableness must, therefore, fail.

**III**

We need go no further.  For the reasons elucidated above, the defendant's sentence is


**Affirmed**.